BAILEY SARGENT, Respondent, *v.* EZEKIEL WILSON, JO-SEPH HETHERINGTON, W. W. ESTABROOK, SQUIRE P. DEWEY, and others, Appellants.

A sale or alienation of the homestead property, without the signature of the wife, is void only as to the homestead value. Any excess over five thousand dollars is subject to the control of the husband, and may be disposed of in any manner by him.

Where an action is brought, to foreclose a mortgage upon property claimed as a homestead, the wife of the mortgagor is a necessary party to a full adjustment of the controversy, and should be allowed to intervene.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

Action for the foreclosure of a mortgage of certain property in San

Francisco, executed by the defendant, Wilson, to secure the payment of a promissory note.

The defendant, Hetherington, and others, were judgment creditors of Wilson, and in their answers, set up, that at the date of the mortgage, the premises were the homestead of Wilson; that he was a married man, and was residing thereupon with his wife and family; that the mortgage was not executed by the wife; that the premises mortgaged had been claimed as a homestead, and were of the value of more than five thousand dollars.

The wife of Wilson intervened, and claimed the premises as a homestead.

To the answers of the defendants and to the intervention of the wife, plaintiff demurred. The Court sustained the demurrer, and judgment was rendered for plaintiff, and a decree of foreclosure and sale entered. From this decree, defendants appealed.

*Haights & Gary*, for Appellants.

The judgment of the Court below upon the demurrer is manifestly erroneous. The statute expressly provides, that unless the wife joins in the mortgage of the homestead, that the mortgage is void. Comp. L., 850. Cook and others *v.* McChristian, 4 Cal., 23. Taylor *v.* Hargous, 4 Ib., 268. Crosby *v.* Arkwright, 2 T. R., 603. Post *v.* Hart, 8 Paige, 640. Cole *v.* Savage, 10 Ib., 591.

*George Hudson*, for Intervenor.

Argued the right of the wife to intervene, and cited the Homestead Act, and Cook *v.* McChristian, and Taylor *v.* Hargous, *supra.*

*Jo. G. Baldwin*, and *Pringle & Felton*, for Respondent.

First, The words of the statute, in regard to homesteads—section 2 of said Act—" No mortgage sale or alienation of such land shall be valid without the signature of the wife to the same," mean simply that such mortgage shall be voidable, and not absolutely void, and that the only person who can take advantage of such voidability, is the owner of the homestead during his life, and his wife after his death. Judgment creditors being wholly without the beneficial intention of the Act, cannot take advantage of an exemption not intended by the statute to

64

be for their benefit. 13 Mass., 515. Bacon's Abridgment, Title E. 9 Mass., 48. 6 Pick., 483. Buller's N. P., 224. 6 Dana., 194. 18 Pick., 369. Ch. on Cont., p. 307, note.

Second, It is alleged in the answers herein, that the premises herein, exceeded, at the time they were selected as a homestead, five thousand dollars in value.

In the five thousand dollars worth exempted by the Act, the judgment creditors have no interest, because the Act itself protects that amount from all forced sales.

As to the excess over five thousand dollars in value, the mortgage is good, and being prior to the judgment in question, has a preference.

The old distinction between the effect of the Common Law and the Statute, in vitiating deeds or contracts which contain in part illegal grants or conditions, is now exploded, and shown to have been founded on a mistake. Parsons on Cont., 381, and cases there cited. American Jurist, vol. 55, p. 2. 6 Taunton, 368.

The only cases where a statute makes every thing void, are, the cases where it is expressly said that the instrument itself shall be void, as in the Annuity Act, the language of the Act is, " Every instrument in which any annuity is contained." 2 T. R., 604.

But in all cases where a grant is declared void, only that part which conflicts with the statute is void ; and the instrument itself is good as to those portions which do not conflict with the statute. See cases cited in the argument of counsel, 2 T. R., 604. Buller's N. P., 224. 1 Blackstone, 87. 10 Coke, 59 a. Cro. Eliz., 207. Coke Lit., 45 a. 3 Coke, 60.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The Homestead Act, passed April 21, 1851, provides, " That no mortgage sale or alienation of any kind whatever, of such property, shall be valid without the signature of the wife, acknowledged," &c.

This does not render the mortgage absolutely void, but, only void as to the homestead value; the object of the statute being, simply, to reserve a certain amount to the family for its maintenance and support; any excess over $5,000 being common or separate property, is subject

to the control of the husband, and may be disposed of in any manner by him.

It would be difficult to draw any distinction between the right to bind the overplus by mortgage or debts contracted in the ordinary course of business. The wife being a necessary party to a full adjustment of this controversy, should have been allowed to intervene. This right belongs to her by the statute of this State, as well as the universal practice of Courts of Equity.

The judgment is reversed, and the Court directed to permit the wife to intervene, and to proceed and try the question of homestead, and settle the rights of the parties.