## ROBERT HOUSSELS v. R. S. TAYLOR AND WIFE.

Decided June 9, 1900.

**1. Tax Sale—Judgment—Collateral Attack.**

A judgment foreclosing the State's lien for taxes and ordering sale of land therefor is not subject to collateral attack; it protects the purchaser at such sale, though the proceedings were irregular, and is conclusive that the taxes were regularly assessed.

**2. Tax Sale—Foreclosure—Showing Title—Order of Sale.**

A sheriff's deed by virtue of sale under a judgment foreclosing a tax lien is not sufficient to show title in the purchaser without introducing the order of sale. Sayles' Civ. Stats., arts. 1340, 1341, 5232h, 5232g.

**3. Tax Lien—Foreclosure—Parties—Homestead.**

In the opinion of HUNTER, J., the wife should be held a necessary party to a suit to foreclose a tax lien on the homestead.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*Bonner & Mason* and *Lucky & Berry,* for appellant.

*F. C. Beckett,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellees, R. S. Taylor and wife, on the 30th day of March, 1899, in the District Court of Wilbarger County, against the appellant to recover lots 5, 6, 7, and 8, block 57, in the old town of Vernon. The petition also contained an averment that the appellant claimed title to the lots under a void tax sale, and prayed that the sheriff's deed be canceled and the cloud on their title be removed.

The appellant answered by general denial and plea of not guilty, and reconvened in a formal action of trespass to try title against appellees, seeking to recover title and possession of the lots, and for a writ of possession.

The appellees replied by general denial and plea of not guilty, and reiterating that appellant deraigned title by virtue of a tax deed based upon a judgment rendered in the District Court of Wilbarger County against R. S. Taylor for taxes; "that the taxes or a large portion of them for which the property was sold were illegal, unjust, and extortionate, and that R. S. Taylor was common source of title," but if the court should find the sale valid, then that appellees be permitted to redeem the said property, as it was their homestead, in such manner as the court should decree.

The case was tried by the court without a jury, and judgment was rendered for appellees. Conclusions of fact and of law were filed by the court, which were duly excepted to, and upon these, with a statement of facts, the case comes here by appeal.

The judge's conclusions of fact and the evidence contained in the record establish the following facts:

On February 2, 1897, judgment by default was rendered in the District Court of Wilbarger County, Texas, in favor of the State of Texas against the appellee R. S. Taylor, for the sum of $68.10, with interest thereon at the rate of 6 per cent per annum from the 1st day of January, 1897, together with all costs in that suit expended, said judgment further declaring that the same was a tax lien on lots 5, 6, 7, and 8, in block 57, in the old town of Vernon, Texas, and decreeing that said tax lien be foreclosed, and that an order of sale issue to the sheriff or any constable of Wilbarger County commanding him to seize and sell said property according to law and apply the proceeds of such sale to the payment and satisfaction of the judgment, paying the overplus, if any, to the appellee R. S. Taylor. It also awarded a writ of possession, and required the sheriff to place the purchaser in possession within thirty days after the date of the sale. The judgment recited that the defendant R. S. Taylor had been duly cited to appear in said cause and had failed to appear and answer therein. The judgment seems to be regular in every respect.

A deed was executed in the name of R. P. Sanders, sheriff of Wilbarger County, by J. T. Williams, deputy, to Robert Houssels for the lots named, reciting that "by virtue of a certain order of sale for delinquent taxes issued out of the District Court of the County of Wilbarger in favor of the State of Texas as plaintiff v. R. S. Taylor, defendant, on a certain

judgment and decree of sale rendered on the 2d day of February, 1897, and directed and delivered to me as sheriff of Wilbarger County, commanding me to sell the land and premises described in said order of sale," he, on the 3d day of April, 1897, did levy on and seize the property named, and on the first Tuesday in May, 1897, he sold it at public vendue at the door of the courthouse of said county, after having first given notice of said sale as required by law, when Robert Houssels became the purchaser at the price and sum of $200. Then follows the proper formal conveyance of the lots to said Houssels, closing with the proviso that said property might be redeemed by the owner thereof within two years from the date of said sale. The deed was dated May 11, 1897, and duly acknowledged on May 31, 1897.

The original petition upon which the judgment was rendered was introduced also by appellees, which seems to be sufficient in all respects to sustain the jurisdiction of the court over the subject matter of the suit and over the parties to the judgment, and shows a good cause of action for the taxes assessed, though not for the costs claimed nor perhaps for personal judgment against R. S. Taylor. League v. State, 56 S. W. Rep., 262. It was probably subject to special exceptions, however, in several particulars. The exhibit filed with it as part thereof shows that part of the taxes delinquent were due to the State and part to the county, and the amount due to each, and they were particularly itemized for each of the years 1892, 1893, 1894, and 1895, and the taxes, interest, and costs against each lot for each year. It was sworn to by the county attorney, who brought the suit for the State, as required by law, and filed on the 26th day of December, 1896.

The following agreement, signed by counsel for each party, was read in evidence: "It is mutually admitted that plaintiff is common source, and that any and all evidence, record or otherwise, may be introduced without previous notice, but the right is expressly reserved to except to any evidence as above indicated as not competent, relevant, or otherwise defective or deficient."

A deed from the Vernon Investment Company, a domestic corporation, to "R. S. Taylor and wife," for the lots in controversy, dated December 10, 1899, was duly acknowledged and recorded December 28, 1889. The four lots comprised the community homestead of appellees from the time of their purchase to the date of the trial. And this is the substance of all the evidence contained in the statement of facts.

We think the first, second, third, and fourth errors are well assigned and would have to be sustained, but in view of the disposition we make of the case we deem it unnecessary to discuss them. It seems, however, that there may be some question as to the validity of the personal judgment against R. S. Taylor for the taxes, but even that, and certainly the decree of foreclosure, could not be attacked in a collateral proceeding like this. The judgment is not void on its face, and therefore it would protect the purchaser thereunder, though the proceedings resulting in it may have been ever so irregular. The decree of forclosure against the

lots was conclusive in this case that the taxes were correctly assessed against them.

The utter failure, however, of the appellant to prove title in himself, on account of the absence of the order of sale from the statement of facts, the appellees being in possession, requires us to affirm the judgment, and this point is urged by the appellees. It seems, however, that appellees did not set up in their pleadings the want of an order of sale as invalidating the appellant's title, but sought to do so by going into facts back of the judgment of foreclosure, all of which were conclusively settled against the appellees in that judgment, if the wife was not a necessary party to the suit, as our Supreme Court has in effect held, by refusing a writ of error in Collins v. Ferguson, 22 Texas Civil Appeals, 552, though from the view so taken by our Supreme Court the writer feels constrained most respectfully to dissent. See Const., art. 16, sec. 50; Adams v. Beale, 19 Iowa, 67; Sargent v. Wilson, 5 Cal., 504; Revolk v. Kramer, 8 Cal., 66; Marks v. March, 9 Cal., 90; Tadlock v. Eccles, 20 Texas, 792; Campbell v. Elliott, 52 Texas, 159; Thompson v. Jones, 60 Texas, 95; same case, 77 Texas, 628; Stallings v. Hullum, 89 Texas, 434; Freem. on Coten. and Part., secs. 49, 64, 86; Thomp. on Homesteads, secs. 695-698. If she has an interest in the homestead, she has a right to redeem it from tax sale. 2 Sayles' Civ. Stats., arts. 5232m, 5232n. If she has a right to redeem and is occupying it, she is a necessary party to a foreclosure suit.

Appellant contends that he was not required to introduce the order of sale and return thereon, because of the provisions of article 5232h, 2 Sayles' Civil Statutes. That article is as follows: "In all cases in which lands have been sold, or may be sold for default in the payment of taxes, it shall be lawful for the sheriff selling the same, or any of his successors in office, to make a deed or deeds to the purchasers or to any other person to whom the purchaser may direct the deed to be made, and any such deed shall be held in any court of law or equity in this State to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud."

The preceding article (5232g) provides: "The proper persons shall be made parties defendant in such suits and shall be served with process, and other proceedings had therein as provided by law for suits of like character in the District Courts of this State; and in case of foreclosure, an order of sale shall issue, and the land sold thereunder as in other cases of foreclosure."

It thus appears that the "order of sale shall issue and the land be sold thereunder as in other cases of foreclosure," and without this order to the sheriff he can make no valid sale, and hence the deed must be held to "vest a good and perfect title" only when the lands have been sold under and by virtue of the order of sale, and this is the meaning of article 5232h.

The law governing judgments of "foreclosure in other cases" is found in article 1340, 1 Sayles' Civil Statutes, which must provide "that an

order of sale shall issue to the sheriff or any constable of the county where such property may be, directing him to seize and sell the same as under execution, in satisfaction of the judgment," and article 1341 provides, among other things, that "the sheriff or other officer executing such order of sale shall proceed by virtue of said order to place the purchaser of the property sold under the same in possession thereof within thirty days after the day of sale."

In Burrow v. Brown, 59 Texas, 458, Judge Stayton, in delivering the opinion of our Supreme Court, said: "The judgment, * * * the execution under it, and the returns thereon, together with the sheriff's deed to Brown, proved title in Brown, that judgment being against the appellant; and the appellee was not required to make any further proof to entitle him to recover," and we know of no case in Texas which holds that a recovery of lands can be had upon less. It seems, however, in some of the States recovery may be had upon "the execution and proceedings under it." Sedg. & Wait on Trial of Title to Land, 2 ed., sec. 793; 2 Greenl. on Ev., sec. 316; McKee v. Linebeyn, 87 N. C., 181; Rutherford v. Rayburn, 10 Ired. Law (N. C.), 144. .

We are therefore of opinion that the sheriff's deed and judgment of foreclosure was not sufficient to entitle the appellant to recover, and because upon the evidence in the whole case it appears that the appellant failed to show title in himself, after having reconvened and set up such title, the judgment will have to be affirmed on the case made by appellant's cross-action and the appellees' plea of not guilty.

The judgment is affirmed.

*Affirmed.* ·