## SUPREME TENT OF THE KNIGHTS OF THE MACCABEES OF THE WORLD v. JAMES M. COX.

Decided February 6, 1901.

**1.—Pleading—Amendment—Allegation of Damages.**

A trial amendment is properly allowed which simply alleges the breach of the contract declared on in the original petition, and avers as damages for such breach the highest sum recoverable under the contract.

**2.—Same—New Cause of Action.**

Where plaintiff sued upon a benefit certificate upon the ground that he had become totally and permanently disabled, a trial amendment alleging that on account of plaintiff's mental disability he should recover, did not set up a new cause of action.

**3.—Practice on Appeal—Statement Under Propositions.**

Where there is no statement subjoined to appellant's proposition under a given assignment of error, such assignment will not be considered.

**4.—Jurisdiction of District Court—Amount.**

An objection that plaintiff's petition (in an action in the district court) shows his cause of action to be for a less amount than the jurisdiction of the court, is not well taken where it appears from the pleadings that at least $600 was then due under the terms of the contract sued on.

**5.—Benefit Insurance—Permanent Disability—Charge.**

Where plaintiff sued for an amount due under a benefit certificate in the event he should become disabled to "perform or direct any and all kinds of labor," it was not error of which defendant could complain for the court to submit the issue as being whether plaintiff had become disabled to perform and direct any and all kinds of labor, since this required both where either would have sufficed.

**6.—Same—Judgment for Annual Installments Ahead.**

Where, under the benefit certificate sued on, plaintiff was entitled to receive annually one-tenth of the amount named in the crtificate, he could recover only the amount of the installments due at the time of the trial, and a judgment for the entire amount and providing that execution might issue annually thereafter for the remaining installments, was error.

Appeal from Hill.   Tried below before Hon. J. M. Hall.

*L. C. Penry* and *Vaughan & Works,* for appellant.

*A. W. Cunningham* and *Wear, Morrow & Smithdeal,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee, James M. Cox, on May 3, 1899, against appellant, a mutual benefit society, upon a benefit certificate issued by the latter to the former on the 14th day of June, 1897, to recover the sum of $3000.

The original petition alleged that on the 26th day of July, 1897, appellee was totally and permanently disabled, and that by reason of the certificate issued and the laws of the order, which are set out in our conclusions of fact, appellant became liable and promised to pay appellee $3000 as a liquidated sum in annual installments of $300 each, until the whole sum of $3000 should be paid, etc.   That appellee is entitled to have a judgment declaring the entire sum due and payable; but in the event he is mistaken as to such right, that he is entitled to the sum due on said certificate at date of trial, and to a judgment requiring appellant to pay said annual installments to him during life, and at his death, any unpaid balance to his wife and child.

On March 22, 1900, the appellee filed a trial amendment in which, after reiterating the facts plead in his original petition, he alleged appellant had breached its contract, to his damage in the sum of $3000, for which amount he prayed judgment.

The appellant answered by general and special exceptions and a general denial.

The case was tried before a jury, to whom special issues were submitted, and the trial resulted in favor of appellee for the amount sued for; as to $647.60 of which, it being the amount past due on the contract with interest, the judgment provided execution should issue forthwith; and that the balance, to wit, $2400, should be payable in annual installments of $300 each, and that for such installments the appellee might have his execution against appellant for $300 not earlier than July 28, 1900, and execution for the remaining installments of $300 each not earlier than the 28th of July, in each succeeding year until the judgment is satisfied.

*Conclusions of Fact.*—On the 14th day of July, 1897, the appellant issued to appellee as a member of its order the benefit certificate sued on, entitling him to all the rights, benefits, and privileges of membership

in said order. It provides that at appellee's death one assessment on the membership, not exceeding in amount the sum of $3000, will be paid as a benefit to Alice and William, his wife and son, upon proper proof of appellee's death, together with the surrender of the certificate, provided he shall in every particular comply with the laws of the order in force, etc.

Section 188 of the laws of the association provides that any member holding a benefit certificate who shall become totally and permanently disabled from any cause, not the result of his own illegal act, to perform or direct any and all kinds of labor or business, or who shall arrive at the age of 70 years, and who has paid all legal dues and assessments since the date of his initiation to the date of such disability or period in life, shall be relieved from the payment of any further dues or assessments levied under these laws, or the by-laws of the tent of which he is a member, and shall be entitled to receive from the disability fund, annually, one-tenth part of the sum for which his benefit certificate was issued. Provided, however, that the aggregate of such installments received by him shall in no case exceed the sum specified in such certificate; and provided further, that any holder of a benefit certificate claiming the benefits of this section on the ground of disability shall submit to the supreme medical examiner such claim, accompanied by the affidavit of at least two reputable physicians, showing such disability to be total, and permanent as aforesaid.

Section 196 provides that on the 1st day of January, April, July, and October in each year the supreme finance keeper shall set aside from the general fund in his hands all money in excess of $2000 over and above its liabilities at such date, said money to constitute a fund for the payment of total and permanent disability benefits, whether the same arises from disease, accident, or old age, and to be used for such purposes only. The supreme finance keeper shall open an account in the records of his office, to be known as the disability benefit fund, and all money so set aside from the general fund, as above provided, shall be by him credited to said fund, and all warrants issued in payment of total and permanent disability benefits after July 1, 1893, shall be drawn upon and paid out of such fund so long as there shall be money enough therein to pay such warrants, and if at any time there should not be enough money in said fund to pay said warrants, they shall in such case be paid from the life benefit funds in the hands of the supreme finance keeper.

On July 28, 1897, the appellee, while engaged at his work as a railroad brakeman, sustained injuries not the result of his own illegal act, whereby he then became totally and permanently disabled to perform or direct any and all kinds of labor or business. He had paid to the order all legal dues and assessments since the date of his initiation to the date of such disability. Upon the trial appellant waived any proof of compliance with section 188 of its laws, and of the prosecution by appellee of claim for benefits in the order.

Before considering appellant's assignments of error, we will state in limine that upon the trial the parties waived all exceptions to pleadings, and that appellant, defendant below, waived all special pleas and all answers except general denial. And it was agreed that appellee, plaintiff below, might file a trial amendment setting up a breach of contract, and that appellant, defendant below, might urge exceptions to the same.

*Conclusions of Law.*—1. In the first assignment of error it is contended by appellant that the court erred in not sustaining its general exception to appellee's trial amendment, because "said trial amendment, taken in connection with plaintiff's original petition, of itself, did not present any cause of action against defendant for breach of the contract sued upon by plaintiff, in the manner and form alleged in said trial amendment, as the measure of damages that the plaintiff would be entitled to recover, if any, was fixed by the contract declared upon by him." It will be remembered from our statement of the pleadings that the trial amendment simply alleges the breach of the contract declared on in the original petition, and avers as damages for such breach in the sum of $3000. The averment of damages is merely one of legal liability which the law will infer from the allegations of facts which create it; and if the damages claimed flow from a breach of a contract by which they are to be measured, it is only necessary to lay them so high as to cover the amount of the injury sustained. This is done by the trial amendment in such a manner as to authorize the recovery of such damages as flow from the breach of the contract alleged.

2. Appellant's second assignment of error complains of the court's overruling its second special exception to appellee's trial amendment to his original petition. The special exception referred to in this assignment is as follows: "The defendant specially excepts to that portion of said trial amendment wherein it alleged that on account of plaintiff's mental disability he should recover against defendant; because the same was not alleged as one of the greivances of the plaintiff's cause of action in his original petition, and the said allegations contained in said trial amendment constitute a new cause of action." As the object of an amendment is to add something to or withdraw something from that which has been previously pleaded, so as to perfect that which is or may be deficient, or correct that which has been incorrectly stated by the party making the amendment (rule 12 of district and county courts), it seems to us that this exception is taken to what was directly authorized under the rule referred to. We can not perceive how the trial amendment, taken and read in connection with the original petition, can be construed as setting up a new cause of action. But if it could be so construed, the exception would not be well taken, because it is well settled in this State that a new cause of action can be set up by an amended pleading. When a new cause of action is so averred, it may be established on the trial, unless it appears by exceptions or plea that it

is barred by the statute of limitations. No such exception or plea was urged to appellee's action set up by his amendment.

3. There is no statement subjoined to appellant's·proposition under the third assignment of error, and for that reason the assignment will not be considered.

4. It is complained in the fourth assignment of error that the court erred in overruling appellant's general demurrer. The proposition under this assignment is: "If the statement of plaintiff's cause of action, when given its legal effect, shows his cause of action to be for a less amount than the jurisdiction of the court, it has no jurisdiction." This is hypothetically correct, but the·supposition upon which it is based has no foundation. For it appears from the pleadings, as well as the facts proved, that when the trial amendment of plaintiff's original petition was filed at least $600 was then due under the terms of the contract sued upon.

5. It is urged in appellant's fifth assignment of error that the court erred in submitting the fourth special issue, which is: "Has plaintiff become totally and permanently disabled to perform *and* direct any and all kinds of. labor or business?" to the jury. If the plaintiff had become totally and permanently disabled to both peform and direct any and all kinds of business, it logically follows that he was totally and permanently disabled to *either* perform *or* direct any and all kinds of business. This being logically the effect of an affirmative answer to the issue submitted by the question, the court then, in the following language, submits the fifth special issue: "If he has become totally and permanently disabled to perform *or* direct any and all kinds of labor or business, then state the day of the month and the year he became so." We think the issue submitted was as clearly and tersely stated as language could express. In this connection we will say the court did not err in refusing to submit the special issues requested by appellant mentioned in the seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments of error.

6. If it should be conceded that under the facts plead appellee was entitled to recover at the time of trial the entire amount provided for under the contract, there would be no error in the court's instruction "that if they should find from the evidence plaintiff from any cause, not the result of his own illegal act, has become totally and permanently disabled to perform or direct any and all kinds of labor or business, then to state the amount due plaintiff and the amount to become due, and when the same matures. And that the amount due would be the installments each year since the date of the total and permanent disability, together with interest thereon at the rate of 6 per cent per annum from date of maturity of each installment to time of the trial. That the amount to become due would be one-tenth of the sum stated in the benefit certificate, and the first installment will be due one year from the date of last installment found to be due at time of trial, and that each succeeding installment will become due one year from the maturity of the last pre-

ceding installment, but the total amount of all installments must not exceed the sum stated in the face of the benefit certificate, exclusive of interest upon the overdue installment." The certificate sued upon taken in connection with section 188 of the laws of the association, specially provides, in event of appellee's total and permanent disability, to perform or direct any and all kinds of labor or business, that he shall be entitled to recover from the disability fund, annually, one-tenth part of the *sum* for which it was issued. The only sum mentioned in the certificate is $3000. If it could be construed, as it is contended by appellant, to mean "one assessment on the membership not exceeding in amount the sum of $3000," it will be presumed, in the absence of an averment by appellant to the contrary, that one assessment on the membership would equal a sum at least of that amount. But we think "the court erred," as is complained of in appellant's sixteenth assignment of error, "in rendering judgment for any other sum of money than for the amount that was due and payable to plaintiff, by the terms and conditions of the policy sued upon at the date of the verdict, because no liability had accrued against defendant in favor of plaintiff, on account of the policy, for any other sum of money than the amount that was due to plaintiff according to the terms and conditions of the policy upon which his cause of action is based." This case is not in the nature of an action for specific performance of a contract, nor one to enforce a lien either upon property or a specific fund, but to recover a debt, some of which is not due. It is elementary that in an ordinary action at law to recover a debt it must be averred and proved that the demand is due.

Therefore the judgment for so much of plaintiff's debt as was due when the case was tried will be affirmed, and as to the installments then not due it will be reversed, and plaintiff's action therefor dismissed without prejudice.

*Affirmed in part; reversed in part.*