## S. R. SCOTT ET AL. v. CITY OF MARLIN ET AL.

### Decided February 27, 1901.

**1.—Boundaries—City Street—Vendor and Purchaser.**

The purchasers of city property bounded by streets were concluded by the previous acts of their vendor in exchanging with the city a strip upon one side of the block for a similar strip of the street on the opposite side, widening one street and narrowing the other, where they bought with knowledge and after the new boundaries had been marked by inclosures.

**2.—City—Power to Alter Street.**

Under article 419, Revised Statutes, a city has power to alter the width of streets by exchanging with property owners so as to narrow one and widen another, provided the street so narrowed is not left inadequate for public accommodation.

**3.—Same—Limitation.**

Article 3351, Revised Statutes, does not prevent limitation running in favor of one inclosing a part of a public street in pursuance of an exchange of property with the city for the purpose of altering streets under article 419.

**4.—Cross-Assignment of Error—Brief.**

When the record contains no cross-assignment of error by appellee and his brief presenting it is not shown by the clerk's certificate to have been filed in the trial court, it will not be considered.

Appeal from Falls. Tried below before J. E. Boynton, Esq., Special Judge.

*S. R. Scott, Z. I. Harlan,* and *Martin & Eddins,* for appellants.

*E. T. Johnson, A. T. Gordon, Geo. H. Carter,* and *Rice & Bartlett,* for appellees.

KEY, ASSOCIATE JUSTICE.—S. R. Scott and wife, Mrs. Sallie Ward, T. S. Clark, J. M. Kennedy, W. T. Fannin, and W. F. Fannin brought this suit against the city of Marlin, Mrs. Fannie Horne, Narcissa McNeese and her husband, M. A. McNeese, and Priscilla Laird and her husband Tony Laird, to compel the removal of obstructions from an alleged street in the city of Marlin. There was a nonjury trial resulting in favor of all the defendants against all the plaintiffs except S. R. Scott

and wife. As to the latter, judgment was rendered in their favor against the defendants McNeese and Laird, but as between the Scotts and Mrs. Horne, judgment was rendered for the latter. All the plaintiffs have appealed.

There is no statement of facts in the record. The district judge filed conclusions of fact and law, and the former are adopted by this court as the basis of the judgment here rendered. On the facts found the trial court held, as a matter of law, that the street referred to was not a public street in the sense that it was a highway, and that the rights of the parties should be determined by the rules of law applicable to vendor and vendee. We do not hold that this ruling was wrong, but if it was, we are still of the opinion that the proper judgment was rendered.

As to the plaintiffs Clark, Kennedy, Fannin, and Fannin, the court properly held that they were concluded by the acts and conduct of their vendor E. C. Stewart in exchanging with the city of Marlin a strip thirty feet wide off the west end of the lots claimed by them for a strip the same width on the east, and comprising a part of what is claimed to be the street in controversy. This exchange does not appear to have been made by ordinance or resolution entered of record by the city council, but it does appear that the city authorities accepted the strip of land on the west and widened Perry street and acquiesced in the conduct of Stewart in inclosing the strip now in controversy on the east. We think Stewart's vendees, purchasing with a knowledge of the change referred to, are bound thereby.

Inasmuch as the court rendered judgment in behalf of Scott and wife, compelling the defendants McNeese and Laird to remove the obstructions placed by them in the street, the other plaintiffs are not entitled to have the case reversed. The decree compels McNeese and Laird to do all that any of the plaintiffs sought to have them do; and such being the case, none of the plaintiffs have any right to complain of that part of the decree, unless it be in reference to the costs, and no complaint is made on that score.

As to Mrs. Horne, the court held that she had established her defense of limitation as against all of the plaintiffs. It appears that more than five years before the suit was brought the mayor of the city of Marlin, acting under instructions from the city council, conveyed thirty feet by twenty feet of the alleged street to one Hunnycut, and Mrs. Horne holds under Hunnycut, by deed from him. She and Hunnycut have had this strip inclosed and in possession since March, 1888, under recorded deeds accompanied by payment of taxes, and have title thereto by limitation, unless it is part of the public street and reserved from the statute of limitation by article 3351 of the Revised Statutes. But if it be conceded that the article referred to has application, and the statute of limitation does not apply, we are still of the opinion that the judgment should be affirmed. The record shows that the city of Marlin, in 1875, adopted the general laws of 1875 for the incorporation of cities of more than a thousand population, which now comprise title 18 of the Revised

Statutes. Of these statutes, article 419 confers upon city councils exclusive control and power over public streets, alleys, public grounds, and highways, and authorizes such councils to open, alter, widen, extend, establish, regulate, grade, clean, and otherwise improve streets. The power there conferred, and especially the power to alter streets, must be held to authorize a city council to curtail the width of a street.

Appellants contend that the street in question, as originally dedicated, was sixty feet in width, and that the city council was without authority to dispose of half the street and thereby diminish its width to thirty feet. We think otherwise, and hold that under the statute referred to conferring the power to alter streets, the city council had the power, if in its discretion it saw proper so to do, to curtail the width of the street by abandonment or otherwise, as against the rights of all persons except those owning property abutting upon the land so abandoned, and so long as a street is left not shown to be inadequate for the accommodation of the public.

In the case at bar, while it is shown that it will enhance the value of appellants' property for the street to be opened and maintained to the width of sixty feet, it is not shown that thirty feet in width is not sufficient to accommodate those who desire to use the street, and none of the appellants own property adjoining the strip conveyed to Hunnycut and held by Mrs. Horne. The case of Wootters v. Crockett, 11 Texas Civil Appeals, 174, 33 Southwestern Reporter, 394, decided by the Court of Civil Appeals for the First District and in which the Supreme Court refused a writ of error, construes the statute referred to, and supports the views announced in this opinion.

Appellees present a counter-assignment in their brief, complaining of the action of the court in rendering judgment against appellees McNeese and Laird. This assignment is not embraced in the transcript; and as there is no certificate of the clerk of the court below upon any copy of the briefs filed by appellees in this court showing that a copy was filed in the trial court, as required by rule 101, the cross-assignment is not presented in such manner as to authorize this court to consider it.

No reversible error having been pointed out, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.