### LUMPKIN v. WOODS et al.†

(Court of Civil Appeals of Texas. Jan. 11, 1911. On Motion for Rehearing, March 22, 1911.)

1. LANDLORD AND TENANT (§ 63*) — LANDLORD'S TITLE — ESTOPPEL OF TENANT TO DISPUTE.

While, as a general rule, a tenant cannot dispute the title of his landlord, yet, the tenant, after repudiating the tenancy and restoring possession to the landlord, may sue for such premises and show that he has the superior title thereto.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 159–176; Dec. Dig. § 63.*]

2. HOMESTEAD (§ 169*)—TERMINATION—RENTING FROM ONE WITH NO TITLE THERETO.

A wife cannot be deprived of her homestead by her husband, without her knowledge or consent, accepting a lease of it from a person who has no title thereto.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 169.*]

3. NEW TRIAL (§ 5*)—APPEAL AND ERROR (§ 1151*)—ERRONEOUS TAXATION OF COSTS.

Error in taxing costs by the trial court would not be ground for new trial, but should be corrected by motion to retax the costs; and, if such error appear from the record on appeal, judgment would be reformed, and not reversed, on that account.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 5;* Appeal and Error, Dec. Dig. § 1151.*]

4. JUDGMENT (§ 535*)—CONSTRUCTION—TAXATION OF COSTS.

Where other parties were originally joined as defendants and plaintiffs dismissed as to them, and the judgment of dismissal adjudg-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court April 5, 1911.

ed all costs, incurred as against such parties, against plaintiffs, and the petition upon which the case was tried made only one other person defendant, a provision of the judgment that "all costs in this behalf incurred" did not mean the costs incurred in the prosecution of the suit against defendants, as to which it was dismissed, but only those incurred as against the remaining defendant.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 535.*]

### On Motion for Rehearing.

5. TAXATION (§ 789*)—TAX TITLE—EVIDENCE.
To show title under a tax deed, one must put in evidence, not only the judgment and sheriff's deed, but also the order of sale.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 789.*]

6. ADVERSE POSSESSION (§ 12*)—FRAUDULENT REPRESENTATIONS.
Where one in possession of land when he signed a lease contract purporting to lease such land to him from another, if he knew the contract was a lease, was induced to sign it by the untrue representations of the other that he had purchased the land at a sheriff's sale, which representation, however honestly made, amounted to a legal fraud, and his act in signing the contract was in fraud of the homestead rights of his wife, who knew nothing about it, limitations did not run in favor of such other person, who had no other title, so as to give him title to the land by adverse possession.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 12.*]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by Lewis Woods and others against J. J. Lumpkin. From the judgment, defendant appeals. Reformed and rendered on rehearing.

Lumpkin, Merrill & Lumpkin and W. F. Schenk, for appellant. James M. Robertson, for appellees.

JENKINS, J. On March 27, 1879, W. J. Smith and wife deeded to Lewis Woods a tract of land 75 varas square, 45 by 75 varas of same being off of lot No. 20, block 81 in the town of Meridian; the remaining 30 by 75 vs. being off of lot 3 block 80. About the time of this purchase, Lewis Woods and his wife, Viola Woods, appellees herein, moved on said land and occupied it as their homestead. On January 26, 1883, H. Crandall and wife deeded about 2⅗ acres adjoining the first-named tract to Lewis Woods; the same being a part of said lots and blocks. Shortly after this last purchase, Woods moved his house onto the land described in the last-mentioned deed, and he and his wife continued to occupy the land included in both deeds as their homestead until January 23, 1909, when they were dispossessed by virtue of a writ issued out of the justice court, in a suit of forcible detainer by J. J. Lumpkin against said Lewis and Viola Woods.

This forcible detainer suit was brought under the following circumstances: In 1901 the land first above described was sold for taxes under a judgment for same against the said Lewis and Viola Woods, and bought by appellant. In 1903 the appellant notified Lewis Woods that he was the owner of the land upon which he lived, and that he must surrender possession or pay rent. Thereupon the said Woods entered into a written contract with appellant to rent all of the land included in his homestead from said Lumpkin at $2 per month. He paid rent occasionally until 1907. Thereafter appellant brought suit of forcible detainer against Woods and wife, and having obtained judgment by default had them ejected, as above stated.

Lewis Woods, who is an old and illiterate negro, alleges that he did not know that he was signing a lease, but thought it was an obligation to pay money due appellant by reason of his having paid the taxes on the land. We, however, shall treat this feature of the case from the standpoint of appellant's evidence as above set out.

Appellees, after being ejected, brought this suit to recover the land described in said deeds, and for the rental value of same subsequent to their ejection, specially pleading the statute of 10 years limitation. Appellant filed a disclaimer to all of the land described in plaintiffs' petition which was included in said block 80; that is to say to a strip off of the north side 30 by 271 vs., including 30 by 75 vs. of the land bought by him at said tax sale. As to the remainder of the land described in plaintiffs' petition, to wit, 45 by 271 varas, situated on block 81, appellant, in addition to his plea of not guilty, pleaded the three, five, and 10 years statute of limitation.

The court instructed the jury that appellees had shown title under the 10 years statute of limitations to all of the land in controversy, except that part of block 81 covered by the tax deed to appellant, to wit, 45 by 75 vs., and that they should find for appellant for said last-mentioned tract, and that the only issues for them to determine were the amount of rents due appellees for the land recovered by them, since they were ejected from the same, and the amount of rents due appellant on the land which appellees failed to recover. The jury returned a verdict as to the land in accordance with said instruction, and rents for appellees, $3.04, and for appellant, $9.60.

Appellant assigns error as to this charge of the court; his first proposition being that a tenant cannot dispute the title of his landlord. [1] It is true, as a general rule (the exceptions to which need not be here discussed), that a tenant cannot dispute the title of his landlord. The reason of the rule being that a tenant having been put in possession by the landlord, if he desires to contest the title of the landlord, ought to put the landlord in the same condition he was before repudiating his contract of tenancy,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

by first restoring possession of the leased premises. But we know of no principle of law or justice which would establish the maxim, once a tenant, always a tenant. A tenant, having repudiated the contract of tenancy and restored to the landlord possession of the leased premises, is at liberty, like any other person, to bring suit for such premises and show, if he can, that he has the superior title thereto.

This was not a suit by a landlord against a tenant in possession. If appellees had ever been the tenants of appellant, that relation was ended by the suit of forcible detainer; and, if they ever held possession under appellant, that possession was terminated by the execution of the writ of possession in said suit. The most that could be said as to tenancy is that this was a suit by extenants, no longer in possession of the premises, against an ex-landlord.

[2] It is immaterial as to whether or not Lewis Woods was ever the tenant of appellant; his wife did not sign said contract, and never in any manner acknowledged tenancy under appellant, and is not shown to ever have had any knowledge of said rental contract prior to the institution of the forcible detainer suit above referred to. And if she had known of said lease contract and acquiesced therein, we do not think appellant would have secured any title thereby to her homestead under our laws, which forbids the sale of a homestead without the signature and privy acknowledgment of the wife, and forbids incumbering the same, except for improvements thereon. Surely it cannot be maintained with any degree of plausibility that a wife can be deprived of her homestead by her husband, without her knowledge or consent, renting the same from a party who has no title thereto. Sedg. & Wait, Trial of Land Titles, 259. Such are the facts in this case as to all of the land recovered by appellees.

The evidence does not in any wise tend to raise the issue of title in appellant under either the three or ten years statute of limitations. His claim of title under the five years statute of limitation rests upon his tax deed, and upon the proposition that he held possession through his tenants, the appellees, for more than five years. Without reference to whether or not the appellees, or either of them, were his tenants, a sufficient answer to this proposition is that he had no deed to any part of the land recovered in this suit by appellees, except the strip of 30 by 75 varas off of block 80, as to which he disclaimed.

[3] Appellant assigns as error the action of the court in refusing a new trial under the eighth clause of his motion therefor, which is as follows: "The court erred in rendering judgment in this case against the defendant for all costs in this behalf incurred, as shown by the judgment herein." If any such error had been committed by the trial court, it would not have been any reason for granting a new trial, but the same should have been corrected by a motion to retax the costs; and, if such error appeared from the record, we would not reverse on that account, but would reform the judgment. [4] However, we think the appellant misconstrues the judgment. It appears from an interlocutory judgment in this cause that other parties were originally joined as parties defendant herein, and that plaintiffs dismissed as to such other parties. The judgment of dismissal adjudges all costs incurred as against such parties against appellees. The petition upon which this case was tried does not make any one a party defendant except appellant. We think, in view of these facts, that a proper construction of the language "all costs in this behalf incurred" does not mean the costs incurred in the prosecution of this suit against other parties, as to whom appellees have been adjudged to pay the costs, but only the costs incurred as against appellant. This is the view taken of this matter by appellees in their brief, and doubtless the clerk will be instructed by their attorney to include no other costs in the cost bill which may be presented to appellant.

We have carefully examined the appellant's other assignments of error, and do not think any of them well taken.

Appellees, by cross-assignments set out in their brief, ask us to reverse and render this case as to the 45 by 75 varas recovered by appellant. But as it does not appear that their cross-assignments of error have been filed in the court below, we cannot consider the same. See rule 101 (102 Tex. li, 67 S. W. xxvii) and Scott v. Marlin, 25 Tex. Civ. App. 353, 60 S. W. 971.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellant and appellees have each filed a motion for rehearing herein. The motion of appellant is overruled. In the opinion heretofore rendered in this case, we stated that appellees' cross-assignments of errors would not be considered, for the reason that it did not appear that they were filed in the court below. It has since been made to appear that said cross-assignments were properly filed in the lower court.

Said cross-assignments are to the effect that the trial court erred in holding that a certified copy of the sheriff's deed was admissible in evidence, the original not having been produced nor accounted for, and said deed not being proven up as at common law; and also that appellant failed to show any title in himself by reason of his failure to introduce in evidence any order of sale. We are inclined to believe that the first assignment is well taken; but, aside from this, we sustain the second assignment of error,

which is conclusive of the issue as to appellant's title to the tract of land 45 by 75 varas recovered by him. [5] In order to show title in himself, it was necessary that he should put in evidence, not only the judgment and sheriff's deed, but also the order of sale. Having failed to do so, the judgment should have been for appellees as to this tract, as well as for the other tract. Houssels v. Taylor, 24 Tex. Civ. App. 72, 58 S. W. 190.

[6] If Lewis Woods knew at the time that he signed the lease contract that it was a lease, he was induced to do so by the representation of the appellant that he had purchased the entire tract at the sheriff's sale, and such is the contention of appellant herein. This was not true, and, however honestly appellant may have thought it was, such representation amounted to a legal fraud on his part. The act of Lewis Woods in signing said lease, if he knew what it was, was in fraud of the homestead rights of his wife. She knew nothing about it. Under such circumstances the statute of limitations never ran in favor of appellant. He showed no other title to the land.

For the reasons given in this supplemental opinion, in connection with the opinion hereinbefore rendered, appellees' motion for a rehearing is granted, and the judgment of the lower court is reformed and here rendered for appellee as to all of the land involved in this suit.

Reformed and rendered.