GILLESPIE COUNTY v. FREDERICKSBURG LAND CO. (No. 5314.)

(Court of Civil Appeals of Texas. San Antonio. June 3, 1914. On Motion for Rehearing, June 22, 1914.)

1. HIGHWAYS (§ 154*) — OBSTRUCTIONS — BRIDGES—"NUISANCE."

The principal street in an unincorporated town ran to a creek, but that end of the street was not used because a high bluff on the opposite bank prevented a crossing there. About 200 feet from the creek a road turned off the street, crossed the creek several hundred yards from the street, and then turned so as to cross a prolongation of the street. A land company constructed a substantial wooden bridge with an easy approach on the unused end of the street connecting with such road, shortening the distance across the creek to the road. Held, that such bridge and approach did not constitute a nuisance and would not be ordered removed at the instance of the commissioners' court of the county, as its removal would be an injury and not a benefit, and, to create a "nuisance" from the use of property, a material, substantial, and appreciable injury must be occasioned to the person or property of another.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 418; Dec. Dig. § 154.*]

---

**2. INJUNCTION (§ 13*)—GROUNDS OF RELIEF—SUBSTANTIAL CHARACTER OF RIGHT.**

A court of equity will not grant an injunction for the purpose of protecting a technical or unsubstantial right.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 13; Dec. Dig. § 13.*]

*On Motion for Rehearing.*

**3. HIGHWAYS (§ 159*) — OBSTRUCTIONS — ACTIONS—SUFFICIENCY OF EVIDENCE.**

In a suit by a county to compel the removal of a bridge and approach constructed by a private party, evidence *held* to show that they did not obstruct the road and street connected thereby.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 430, 431, 435; Dec. Dig. § 159.*]

**4. INJUNCTION (§ 12*)—GROUNDS FOR DENIAL OF RELIEF—LACK OF INJURY.**

An injunction will not be granted where no probable injury can arise from the act sought to be restrained.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 12; Dec. Dig. § 12.*]

Appeal from District Court, Gillespie County; Clarence Martin, Judge.

Suit by Gillespie County against the Fredericksburg Land Company. From a judgment for defendant, plaintiff appeals. Affirmed.

H. C. Geddie, of Kerrville, for appellant. N. T. Stubbs and Alfred P. C. Petsch, both of Fredericksburg, for appellee.

FLY, C. J. Appellant sought to compel appellee to remove a dump and bridge out of San Saba street in the unincorporated town of Fredericksburg, and out of the San Antonio-Austin-Fredericksburg Road, and restrain it from again building such dump and bridge. The court refused to issue the writ of injunction.

[1] San Saba street is the principal one in Fredericksburg, and one end runs into a cul-de-sac on Barron's creek; that end for some distance not being used, as a high bluff on the opposite side of the creek from the town prevents a crossing there. At some 200 or more feet from the bed of the creek, the San Antonio road turns off the street in order to get to a crossing, and after crossing the creek turns so as to cross a prolongation of San Saba street. Appellee built a bridge across the creek and an approach to it on the unused end of San Saba street. The bridge was shown to be a substantial wooden structure with an easy approach which does not in any manner interfere with or obstruct any traveled portion of the road or street, and the bridge and approach have shortened the distance across the creek to the San Antonio road which is intersected by a prolongation of the street. The street and road are rendered much more convenient by the erection of the bridge and approach, and, instead of being a nuisance, is of incalculable benefit to the people of Fredericksburg and Gillespie county. It renders the creek passable in times of high water and shortens the distance for all who travel the road.

[2] To destroy the bridge across the creek would not only be of no benefit to appellant, but would be of great public injury to the citizens of the county, and a court of equity will not grant an injunction for the purpose of protecting a technical or unsubstantial right. Beach on Inj. § 1067; Joyce on Inj. § 21. In order to create a nuisance from the use of property, a material, substantial, and appreciable injury must be occasioned to the person or property of another. In this case there was no injury, but a positive benefit. An unused and unusable portion of a street was improved, a good bridge put across the stream, which should have been there long ago, and the distance shortened for those who desire to travel in that direction. "Without money and without price" a substantial improvement has been made for the county, which its commissioners' court desires torn down and destroyed without giving any reason for such desire except that "the construction of a wooden bridge across Barron's creek is impracticable, and this court having no desire to assume any responsibility on the part of the county." The able judge who heard the facts very properly refused the aid of a court of equity to destroy the bridge tendered to the county.

There were no obstructions placed in the street, but merely modern improvements made that will be of lasting benefit to the county and town, and the evidence justified the court in finding that the bridge was not a nuisance but a blessing.

The judgment is affirmed.

*On Motion for Rehearing.*

[3] The part of San Saba street used for the dump or approach to the bridge was never used and could not be used for a street, because it ran off into the creek and against an impassable bluff. Then why contend that its "free use" is being obstructed? That the road that turned off from the street above the end of the bridge approach was not obstructed is fully shown by the evidence. Not by all the evidence, because appellant's witnesses swore that it was obstructed, but the trial judge chose to take the evidence of other witnesses in preference, and this court follows his finding as to the credibility of the witnesses and the weight to be given to their testimony. The surveyor stated that the railings of the bridge did not reach the road. The road turns from the street east and runs down to the creek about 300 or 400 yards from the bridge, then crosses at a place where there is a high bank. The people have been pulling up that bluff for 50 years, and, when the burden is shaken off without cost, this suit was brought to renew the burden.

F. B. Richards, who constructed the bridge, was an expert bridge builder, and tes-

tified to the substantial way in which it was built; that it did not obstruct the road; and that it would last for many years.

Adolph Gold stated that there was a space of 66 feet left between the northeast corner of the dump to a fence on the opposite side of the road, which could not, as a first-class road, have but 60 feet. Sixty feet had never been used as a road at that point. He also stated that the road had not been obstructed; that the highway across the bridge was considerably shorter and in much better condition.

John Heep testified that he lived in the country and had never used the old road since the bridge was built; that it was in the same condition where it left the street as before the bridge was built; that the bridge and dump did not interfere with it; and that the bridge had lessened the distance and given a better road.

W. P. Pfeister, one of the county commissioners, swore that "the road is in as good condition now as before the dump was built."

[4] It is in effect admitted that the bridge is a convenience to the citizens of Gillespie county, but, because the commissioners' court, for some reason, or probably no reason, did not want the bridge built, it must be torn down as a nuisance. Blackstone defines a nuisance as "anything that worketh hurt, inconvenience, or damage," and a thing that works convenience to all the citizens of the county cannot be so classed. An injunction will not be granted where no probable injury can arise from the act sought to be restrained.

"And, where an injunction would seriously affect the interests of the defendants and would be of no advantage to the plaintiffs, the court, in the exercise of the judicial discretion which it is bound to exercise, may properly refuse to grant the injunction." Joyce, Inj. § 20.

In the case of Township of Raritan v. Railway, 49 N. J. Eq. 11, 23 Atl. 127, similar in some respects to this, it was held that the erection of bridge abutments which encroached on a road, but not to such an extent as to interfere with travel over it, would not be abated by a court of equity. Injunctions are granted to prevent or abate wrongs and not to indulge the whims and caprices of those seeking them.

If there had been any attempt to use San Saba street for any purpose other than that to which it had been set apart, the case of City of Llano v. County of Llano, 5 Tex. Civ. App. 132, 23 S. W. 1008, cited by appellant, might have some application; but in this case the building of the bridge did not interfere with the use of the street. It made it possible to use a part of the street that had never been opened up or used, and which could not be used without the bridge. The building of the bridge accomplished for the people a convenience that should have been, but was not, supplied by the commissioners' court, and no court will lend aid to destroy it. Where the bridge is built, the street had never been used as a public highway, had never been improved by the county, and was of no benefit to any one. That part of it was a myth, so far as its benefit to the public was concerned.

There is perhaps no parallel in the jurisprudence of this country to a case in which a bridge, substantial in construction, is built, and a street that could not be used is made a fine highway, and a continuation of 80 feet wide, well graded and macadamized, is donated to a county, and its officers not only refuse to accept it but seek the aid of a court of equity to destroy the bridge and highway. A case too in which the bridge and street is a comfort and a blessing to every citizen who desires to visit or leave the town in that direction. The suggestion of the destruction of the bridge, under the facts of this case, is a paradox and flies in the face of all precedents and all rules of equity.

The motion for rehearing is overruled.