MITCHELL et al. v. CITY OF TEMPLE et al.

No. 9134.

Court of Civil Appeals of Texas. Austin.

June 11, 1941.

Rehearing Denied July 2, 1941.

Harris & Harris, of Austin, for appellants.

J. B. Talley, of Temple, for appellees.

BAUGH, Justice.

Appellants, four of whom were property owners in the vicinity of the sewage disposal plant of the City of Temple, brought this suit against the City and its named officers to abate, by injunction, and as a nuisance, the operation of the sewage disposal plant of the City of Temple. The trial court refused, after hearing, to grant the temporary injunction applied for; hence this appeal.

The suit was for injunction only, and not for damages. The grounds alleged for the injunction were that said plant, and the sewer pipe line leading from the City of Temple into it, constituted a nuisance, first, because obnoxious and repulsive odors permitted to escape from the plant blew into the houses of the plaintiffs; second, because of leaks in joints of the sewer line, sewage was permitted to escape therefrom and seep into the wells of some of the plaintiffs, thus rendering the water unfit for use; and, in addition, to seep into the nearby ravines and cause the breeding and collection of mosquitoes and flies, in addition to obnoxious odors; all of which constituted a nuisance.

The trial was to the court without a jury, and the temporary injunction denied. In his findings of fact and conclusions of law, some of the facts alleged were found against the plaintiffs by the trial court, who also found that as to the other facts alleged the plaintiffs did not prove them by a preponderance of the evidence. The trial court also concluded that even if the operation of said plant did constitute a nuisance, that much greater damage and inconvenience would result to the inhabitants of the City of Temple by granting the injunction than would result to the plaintiffs by denying it. And further that the plaintiffs had a plain and adequate remedy at law for damages.

■ The first contention made by appellants complains of the admission in evidence of ex parte affidavits attached to the defendants' answer. If it be conceded that their admission constituted error, it was manifestly harmless, for the reason that the affiants testified on the trial to the same facts, and submitted to extensive cross examination with reference thereto by counsel for the appellants.

In the main, by several propositions, appellants contend that under the evidence adduced by them they were entitled to the injunction prayed for to abate such nuisance as a matter of law.

■ The granting of a temporary injunction is vested largely in the discretion of the trial court. In the instant case, the evidence was conflicting both as to the nature and extent of the odors emitted from the plant; and as to whether or not whatever leakage or seepage there might originally have been at the joints in the sewer line leading into the plant, had been corrected by repairs and no longer existed.

■ Appellants rely in the main upon numerous cases decided prior to the 1925 Revision of the statutes, involving similar situations. Without setting them out here, most of them are to be found in the footnotes cited under Sec. 20, 31 Tex.Jur., pp. 430, 431. It is now well settled that on the issue of a temporary injunction in such cases the trial court is entitled to take into consideration the question of comparative injury or "balancing of the equities"; and if granting the injunctive relief works a greater hardship and greater injury upon the public than would result to the plaintiff by its denial, he is clearly authorized to deny it. See Boyd v. City of San Angelo, Tex.Civ.App., 290 S.W. 833, writ refused; Fields Sewerage Co. v. Bishop, Tex.Civ.App., 30 S.W.2d 412, writ refused; Chandler v. City of Olney, 126 Tex. 230, 87 S.W.2d 250; Henderson v. City of Longview, Tex.Civ.App., 111 S.W. 2d 740. The general rule seems to be that if public necessity, public health and convenience outweigh any resulting private injury, or if granting the writ will cause great harm to the public, the writ will be refused. 24 Tex.Jur., § 97, p. 138, and cases cited in the footnotes. In commenting upon the cases cited and relied upon largely by the appellants, the following is taken from 31 Tex.Jur., § 35, p. 449: "Some decisions ignore the balance of injury doctrine as above stated. They seemingly authorize the granting of an injunction as a matter of right where the facts present a clear case of nuisance. But these cases do not represent the weight of authority."

1118

Even if the testimony of the complainants, appellants here, be taken as true and without contradiction, it is manifest that a much greater injury would be inflicted upon the people of the City of Temple, shown to be a city of some 15,000 population, by completely enjoining the operation of its sewage disposal plant, than would result to the appellants from a refusal to enjoin its operation. Thus the trial court was clearly authorized to take into consideration such consequences as far outweighing any injury that did result, or might result, to the plaintiffs from such operation. They undoubtedly have an adequate remedy at law by way of damages.

For the reasons stated, it is clear, we think, that the trial court was authorized to refuse the temporary injunction applied for. The judgment of the trial court will therefore be affirmed.

Affirmed.