**BURROW et al. v. DAVIS et al.**
**No. 5945.**

Court of Civil Appeals of Texas. Amarillo.
Nov. 21, 1949.

Rehearing Denied Jan. 9, 1950.

Hazlewood & Richards, Amarillo, for appellants.

E. T. Miller and Simpson, Clayton & Fullingim, Amarillo, J. D. Barker, Canyon, for appellees.

PITTS, Chief Justice.

Appellants, C. R. Burrow, Ray Cole, Glen McGahey and J. Redmond Hand, filed suit against appellees, I. Clyde Davis and wife Maxine Davis, John L. Hammond and wife Florence Hammond, and the City of Canyon, Texas, a municipal corporation, seeking the cancellation of a deed and a prohibitory and mandatory injunction to restrain appellees perpetually from proceeding further with the construction of a tourist court that encroached upon two public streets in the City of Canyon and to require said appellees to remove from the said streets that part of the said tourist court building then already partly constructed upon the said streets. Appellants sued as property owners abutting the streets in question and appellees defended upon the grounds that they were protected under the rules of law and equity governing such matters.

The case was tried to a jury which found that the streets in question still had width enough to provide adequate space for use by the public; that appellants sustained no special damages by reason of the erection of the tourist court as alleged and that such construction of the tourist court did not create a traffic hazard. Judgment was rendered upon the jury verdict denying the relief sought by appellants who have perfected their appeal.

We shall dispose of appellants' assignments of error in the order that seems most logical to us. Appellants contend that they were entitled to a peremptory instruction of the jury and that since such was not given they were then entitled to have judgment for the relief sought notwithstanding the jury verdict. They further contend that they were entitled to such because the evidence established conclusively that the tourist court extended into Third Avenue and 22nd Street and that they had previously purchased their land abutting the said Avenue and Street, across such from the land upon which the tourist court was being constructed, and that they purchased their said land according to recorded plats which clearly showed a dedication of Third Avenue 80 feet wide and 22nd Street 60 feet wide. They further contend that they examined and relied upon the said plats before buying their land adjacent to the said Avenue and Street and that the width of the said Avenue and Street constituted a part of the consideration that induced them to purchase the land abutting such Avenue and Street. They complain that appellees, Davis and Hammond, with the approval and sanction of appellee, the City of Canyon, have partially constructed their tourist court so as to encroach upon Third Avenue 9½ feet and so as to encroach upon 22nd Street 2½ feet, thus denying appellants the benefit of the full width of the said Avenue and Street as dedicated, to their special damages in the premises.

Appellees resist appellants' contentions and complaints and claim they have acted within their legal and equitable rights. Appellee, City of Canyon, filed a separate answer in the case, alleging, in effect, that the said City had acted for the best interest of the public without damaging appellants' property or encroaching upon their rights in the matter. They further pleaded that the small strips only slight in width were parts of parkways located on a part of the dedicated Avenue and Street and that such strips of land had never been appropriated and used for vehicular use and that the remainder of the said Avenue and Street was amply sufficient for all public purposes.

They further pleaded that: "* * * said alleged encroachment, if any there be, is of so slight a nature that it is not worthy of notice by the law, and that under the principal of law, 'De Minimis Non Curat Lex' (The Law does not concern itself with trifles) the equitable relief sought should not be granted."

The record reveals that appellees Davis and Hammond own four lots contiguous to each other located in block 3, W. W. Thompson Addition to the City of Canyon, on which they have constructed the tourist court in question. Their said lots are adjacent to 23rd Street on the east, along which runs U. S. Highway No. 87. They are adjacent to Third Avenue on the north and 22nd Street on the west. Third Avenue was dedicated 80 feet wide but only 30 feet of it is paved down the center of the street, leaving 25 feet on each side of the said pavement for a parkway between the paved part of the street and the property on each side of the said Avenue. 22nd Street likewise has pavement in the center thereof 30 feet wide, leaving a parkway 11½ feet wide on the east side and 18½ feet wide on the west side thereof. On July 16, 1946, appellants Cole and McGahey purchased and have since owned a part of lot 4 and all of lots 5 and 6, block 10, Gilvin and Brymer College Park Addition to the City of Canyon. These lots are contiguous to each other and are located north of appellees' land across Third Avenue and adjacent thereto and they are likewise adjacent to 23rd Street or U. S. Highway 87 on the east. Being on the corner of Third Avenue and 23rd Street or U. S. Highway 87, appellants Cole and McGahey have built and are operating a filling station located on their said property and were servicing all kinds of motor vehicles but particularly trucks prior to and subsequent to the construction of the tourist court. Appellant Hand owns lots 10, 11 and 12, block 2, W. W. Thompson Addition to the City of Canyon. These lots are contiguous to each other and are located across 22nd Street from appellees' land and adjacent to the said Street. The record reveals that appellant Burrow did not own any land abutting Third Avenue and 22nd Street in this particular area at the time of the trial and therefore suffered no special damages by reason of the construction of the tourist court. U. S. Highway running north and south through the City of Canyon and being a busy thoroughfare, needed additional right of way and it became necessary for the City Commission of Canyon to provide such additional right of way adjacent to the said appellees' land in order to widen the said Highway. The said City, acting through its City Commission and in accordance with a resolution duly passed, conveyed to the other appellees 9½ feet off of the south side of Third Avenue adjacent to appellees' said land and along the north boundary of the same for a distance of 152½ feet, together with 2½ feet off of the east side of 22nd Street next to appellees' said land and along the west boundary of the same for a distance of 149½ feet in exchange for 15½ feet deeded to the said City by the other appellees off of the east side of their said tract of land for a distance of 140 feet to be used for right of way purposes for widening U. S. Highway No. 87. The deed executed by the City Commission recites that it is an exchange deed of conveyance without covenants of warranty of title. Appellees take the position and have pleaded that the said deed granted the said appellees nothing more than the permanent right to occupy and use the said land described therein and does not convey fee title to the said land. Appellees Davis and Hammond began the construction of their tourist court on their said lots using brick on a concrete foundation and extending the same over on the said strips of land purchased from the City through the exchange deeds. They had a large part of the foundation of the tourist court built when appellants filed this suit to restrain them from proceeding further and to require them to remove from the said strips of land conveyed to them by the City any part of the structure then existing thereon. The case was tried on June 29, 1948, and the appeal was perfected to this court on October 25, 1948, but submission of the

same and oral argument have been delayed at the mutual request of the parties until November 7, 1949.

Appellees contend that appellants were not entitled to the relief sought because the law gives the City Commission of Canyon the exclusive control and power over its streets and alleys and gives it the power to abate, vacate, abandon or close or to widen its streets when it judicially determines that such is necessary. Appellees further contend that the said City Commission had the lawful right to exchange the use of land with the other appellees herein when to do so was for the best interest of the public generally and did not create a hazardous or dangerous condition, unless appellants could establish the fact that they had suffered special damages unlike that suffered by the public as a whole by reason of reducing the width of the said Avenue and Street.

The record reveals that the City of Canyon had less than 5000 population according to the last official census. Article 1016, Vernon's Annotated Civil Statutes, provides that: "Any incorporated city or town containing not more than five thousand population in this State shall have the exclusive control and power over the streets, alleys, and public grounds and highways of the city, and to abate and remove encroachments or obstructions thereon; to open, alter, widen, extend, establish, regulate, grade, clean and otherwise improve said streets; * * *."

Article 1085b provides that: "Incorporated cities and towns in the State of Texas shall have the power and authority to grant the use of a portion of the streets and sidewalks of such cities and towns for private purposes, for such consideration and upon such terms as they may prescribe; provided such use shall not interfere with the public use of such streets and sidewalks, or create any hazardous or dangerous condition thereon."

Article 4646a provides that:

"No injunction shall be granted to stay or prevent the vacating, abandonment or closing, by the City Council or governing body of any incorporated city of this State, of any street or alley in any such incorporated city of this State, except at the suit of the owner or lessee of real property actually abutting on that part of such street or alley actually vacated, abandoned or closed, and then only in the event that the damages of said owner or lessee shall not have been released or shall not have been ascertained and paid in a condemnation suit by such city.

"Sec. 2. Provided that any person, who under existing laws has the right to enjoin a city from vacating, abandoning or closing any street or alley of such city and whose right to such injunction is denied by this Act, shall have the right to an action for damages for any injury that he may sustain by reason of the vacating, abandoning or closing of any street or alley by such city."

In construing Article 4646a, the court said in the case of Hartwell Iron Works v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., 56 S.W.2d 922, 925: "To entitle a property owner to injunctive relief against the vacation of a purely public street, it must be shown that he will suffer a special injury and not such only as is cast upon the community generally. The general rule is that the mere fact that a vacation of a street in which one has no private interest results in a depreciation of the value of property of an owner of land abutting on the same, which causes a diversion of travel and added inconvenience of access, does not of itself constitute such special injury as entitles him to damages. Johnson v. Lancaster, Tex.Civ.App., 266 S.W. 565; Chichester v. Kroman, 221 Ala. 203, 128 So. 166; York v. Chesapeake & O. Ry. Co., 240 Ky. 114, 41 S.W. 2d 668; Arcadia Realty Co. v. City of St. Louis, 326 Mo. 273, 30 S.W.2d 995; Dickson v. Town of Centreville, 157 Miss. 490, 128 So. 332; Kemp v. City of Seattle, 149 Wash. 197, 270 P. 431; Kahn v. City of Houston, 121 Tex. 293, 48 S.W.2d 595; 13 R.C.L. page 75; Sigel v. Buccaneer Hotel Co., Tex.Civ.App., 50 S.W.2d 168."

That case has since been many times cited with approval. In the case at bar the Street and Avenue about which

appellants complain were not closed; only slight reductions were made in the width of each, but the jury found that the said reductions in width left each of them sufficiently wide to accommodate the use of the general public. The jury further found that no traffic hazard existed or had been created by reason of the erection of the tourist court, that appellants had not suffered any special damages and that appellants, Cole and McGahey, had not suffered any material losses in the operation of their service station on the corner of Third Avenue and Highway 87 and would not sustain any such losses in the future. Appellants do not charge that such findings are not supported by the evidence but they ask for judgment notwithstanding such findings. Under the provisions of the statutes as construed by the courts, it is our opinion that such issues were properly submitted to the jury and that the findings of the jury removed all of the limitations imposed by law upon the City Commission of Canyon in the exercise of its authority in a matter such as this. It is our opinion further that, since appellants have failed to show that they sustained special damages or that they have suffered any inconveniences not suffered by the public in general by reason of the construction of the tourist court, they have failed to show themselves entitled to the injunctive relief sought. In support of our position we further cite the following cases: Sigel v. Buccaneer Hotel Co., Tex.Civ.App., 40 S.W.2d 168; Whitis v. Penry, Tex.Civ. App., 41 S.W.2d 736; Kahn v. City of Houston, 121 Tex. 293, 48 S.W.2d 595; Johnson v. Lancaster, Tex.Civ.App., 266 S.W. 565; Scott v. City of Marlin, 25 Tex. Civ.App. 353, 60 S.W. 969.

 Appellants are here seeking equitable relief. The City of Canyon pleaded that no encroachment existed and no damages had accrued to appellants and would not accrue by reason of the slight encroachments, if any existed. It further pleaded and here contends that if appellants should suffer any damages, such would be minute and trifling compared with the damages the general public would suffer if appellants are granted the relief they are

seeking and the exchange deed should be cancelled. Such a contention is supported by the evidence. The record reveals that the construction of the tourist court was ninety-nine per cent complete at the time of the trial, and that it consisted of 14 separate units for occupancy and the cost of it was then approximately 75,000. It would therefore result in considerable damage done to appellees, Davis and Hammond, if they were required to remove their tourist court from the strips of land in question. It therefore appears that the rule of "balancing the equities between the parties" applies in this case. Courts will deny equitable injunctive relief to a complaining party if, by balancing the equities between him and the general public more harm and inequities would follow to the many than to the complaining one, provided such relief be granted. Hogue v. City of Bowie, Tex.Civ.App., 209 S.W.2d 807; Mitchell v. City of Temple, Tex.Civ. App., 152 S.W.2d 1116; Boyd v. City of San Angelo, Tex.Civ.App., 290 S.W. 833. In this case it appears that balancing the equities between the parties overwhelmingly favors appellees. Under such circumstances mandatory injunctions are usually denied

 Appellants have challenged the authority of the City of Canyon to execute the exchange deed in question. It is our opinion that the statutes previously herein quoted by us give the City Commission of Canyon authority to execute the exchange deed in question. However, it is our opinion that such a deed does not convey the fee-simple title to that part of the streets therein described but it merely relinquishes the City's interest therein and authorizes appellees to occupy and use the strips of land therein described. Blair v. Astin, Tex.Civ.App., 10 S.W.2d 1054, and other authorities there cited.

 At most nothing more than small encroachments exists only on that part of the Street and Avenue in question that constitutes parkways and not on that part of the travelled portion of the said Street and Avenue. The jury found that adequate space remains for the travelling pub-

lic and appellants have suffered no special damages. Such being true, appellants are inconvenienced, if at all, only as the general public is inconvenienced, if at all. Such existing conditions will not support a plea to enjoin an encroachment. Shelton v. Phillips, Tex.Civ.App., 229 S.W. 967.

For the reasons stated it is our conclusion that appellants were not entitled to a peremptory instruction or to a judgment notwithstanding the jury verdict and their points to the contrary are overruled.

Appellants further charged that the trial court's judgment should be reversed because counsel for appellees, Davis and Hammond, in his closing argument, disclosed to the jury the effect of their answers to the issues submitted.

Appellants' bill of exception number one reveals that Honorable E. A. Simpson, attorney for appellees Davis and Hammond, in his closing argument made the following statement to the jury: "Gentlemen for Gods sake when you go to answer these questions, answer them 'no' and dont require this court to pauperize old man Hammond and his wife and Clyde Davis and his wife and saddle them with the debt of $80,000, that will produce nothing from now on but will be a dead loss."

Whereupon appellants' counsel privately objected to such argument to the trial court on the bench upon the ground that such argument advised the jury of the effect of their answers to the issues submitted to them. At the close of the argument in the case the trial court instructed the jury as follows: "In Colonel Simpson's argument beginning where he said 'For God's sake, when you go to answer these questions,' etc., and the rest of that sentence, I am sustaining the plaintiffs' objection to it (made privately to the court during course of argument) because I do not think it is proper, and I direct you not to consider it."

Following such instructions Colonel Simpson made the following statement: "Of course Gentlemen of the Jury, had I known there would be any objection, I am sure you have intelligence enough to know that what I meant to say, and would have said if I had heard an objection, is that, as I see the evidence here, for God's sake, don't answer those questions any other way than 'No' and don't answer 'Yes'." After which appellees' counsel said: "We reserve our bill of exception, nevertheless."

Appellees admit that it is usually reversible error for counsel to advise the jury of the effect its answers to special issues will have upon the judgment entered therein, unless the jurors, through the exercise of ordinary intelligence, can determine the effect of their answers to the issues submitted from the record before them and the evidence heard by them. In this instance appellees contend that the argument about which appellants complain was not error because such argument presented nothing the jury did not already know.

The pleadings and the evidence in support of the pleadings constitute the basis for all of the relief sought by appellants. In presenting their pleadings to the jury, appellants advised the jury, in effect, that the City of Canyon had by the execution of a void deed attempted to convey 9½ feet of Third Avenue and 2½ feet of 22nd Street to Davis and Hammond, who were in the process of building a tourist court that encroached upon both Third Avenue and 22nd Street. They further advised the jury that such a proposed conveyance and encroachment created a dangerous hazard and resulted in special damages done to appellants in a business way. In their pleadings appellants further advised the jury, in effect, that appellees had no right to extend their building 9½ feet into Third Avenue and 2½ feet into 22nd Street and the only way to correct such a wrong done to them would be to issue an injunction restraining Davis and Hammond perpetually (that is, forever or indefinitely) from proceeding with such a building on the said Avenue and Street and to require Davis and Hammond to remove from the said Avenue and Street that part of the building already constructed thereon. Appellants offered evidence endeavoring to establish their charges and appellees offered evidence seeking to refute appellants'

charges. The jury heard evidence as to whether or not there was enough space left in Third Avenue and 22nd Street to accommodate the travelling public and as to whether or not a hazardous condition had been created or appellants had suffered any damages by reason of the alleged encroachments. It was admitted that a large part of the foundation of the tourist court had been constructed before this suit was filed. There was a difference fixed by the parties as to the value of that part of the said foundation constructed before the suit was filed. Davis valued it at more than $6,000 at the time the suit was filed and more than $9,360 at the time appellees were served with a citation in this suit. Appellants fixed the value of such at much less than these amounts fixed by Davis. Davis further testified in detail about the construction of the tourist court and said it was constructed out of brick built on a concrete foundation and that they had an investment of more than $75,000 in the building, which he said was ninety-nine per cent complete at the time of the trial. Davis further testified that the tourist court would not have been usable if it had to be torn down and remove that part about which appellants were complaining and that to do so would cost more than the original cost of the building.

It would seem obvious that reasonably intelligent jurors would easily analyze and understand the nature of this suit; that they would easily understand what both parties were seeking to have done in the case and that they would therefore understand the effect their answers would have in the case even before Colonel Simpson made his argument. It is therefore our conclusion that Colonel Simpson did nothing more than tell the jury what they already knew and that such did not constitute a reversible error, since it has often been held that it is not a reversible error to tell a jury what it already knows. Continental Oil Co. v. Barnes, Tex.Civ.App., 97 S.W.2d 494, Section 4; Federal Underwriters Exchange v. Coker, Tex.Civ.App., 116 S.W.2d 922, Section 8; Pacific Employers Ins. Co. v. Gage, Tex.Civ.App., 199 S.W.2d 537, Section 18; Highway Ins. Underwriters v. Lufkin-Beaumont Motor Coaches, Inc., Tex.Civ.App., 215 S.W.2d 904, Section 14; Ex parte Fisher, 146 Tex. 328, 206 S.W.2d 1000, Section 7.

In so far as the record reflects Colonel Simpson did not know appellants' counsel had made an objection privately to the trial court about his argument until after the argument had closed when the court then sustained the objection and instructed the jury not to consider such argument. It was then that Colonel Simpson sought to modify his argument and thus reduce any harm that might have been done by telling the jury he meant to urge them to answer the issues "No" and not "Yes". It has been many times held that counsel has a right to urge the jury how to answer the issues under the evidence heard without divulging the effect of their answers. It is our opinion that any error that might have existed was cured by the trial court in sustaining the objection and instructing the jury not to consider such argument. McMullen v. Parker, Tex.Civ.App., 45 S.W.2d 1011; Gillette Motor Transport, Inc. v. Blair, Tex.Civ.App., 136 S.W.2d 656, Section 8. It must be presumed under such circumstances that jurors obey the instructions of the trial court during their deliberation so long as the language complained of is not so inflammatory in character and not of such evidentiary nature as to preclude the conclusion that the jury did obey the court's instructions. It is likewise a well-established rule that matters such as this are addressed to the sound discretion of the trial court and appellate courts will not disturb the trial court's decision unless it appears that the court has abused its discretion. Thornburg v. Manskey, Tex.Civ.App., 219 S.W.2d 720; Davis v. Hill, Tex.Com.App., 298 S.W. 526. In support of the last rule mentioned we also cite the case of Patterson v. Fuller, Tex.Civ.App., 110 S.W.2d 1230, and other authorities there cited. Appellants have not charged that counsel's argument was inflammatory. It is our opinion, in any event, that the argument of

counsel was not of such a nature that an error, if any, could not be corrected by modification of the argument made by counsel and by the instructions of the trial court, which did not abuse its discretion in the matter. It is therefore our conclusion that prejudicial or reversible error has not been shown in the argument made before the jury by Colonel Simpson and appellants' point of error to the contrary is overruled.

A careful examination of the record and of all the assignments of error do not reflect any reversible error. Appellants' points of error are overruled and the judgment of the trial court is affirmed.