**Jim ROARK et vir, Appellants,**

**v.**

**Roberta F. ROGERS et al., Appellees.**

**No. 6798.**

Court of Civil Appeals of Texas.
Amarillo.

Sept. 22, 1958.

**326**

Richard D. Bird, Childress, for appellants.

Hamilton & Deaver, Memphis, Fred H. Minor, Denton, Donald C. Bubar, Fort Worth, for appellees.

PITTS, Chief Justice.

This is an appeal from a declaratory judgment approving and validating a certain deed and a certain ordinance passed by the City Council of the City of Memphis, Texas, vacating and abandoning a portion of a certain street in the said city and authorizing the exchange by deeds duly executed of the said portion of the said abandoned street to Lou Ella Rogers, a feme sole, for a certain other portion of land owned by Lou Ella Rogers to be used as right-of-way for the construction of a changed portion of U. S. Highway 287 being re-routed through the said city. After the passing of the said ordinance by the city council of Memphis on March 6, 1956, and after the execution of the said deeds by the city and Lou Ella Rogers on March 19, 1956, and after the execution on May 17, 1956, of a lease agreement for occupancy of that portion of the abandoned street then owned by Lou Ella Rogers by Continental Oil Company, the said Lou Ella Rogers died testate on July 11, 1957, and as a result of probate proceedings Roberta F. Rogers, daughter of the deceased, was duly appointed independent executrix of the estate of Lou Ella Rogers, deceased.

On November 26, 1957, appellee, Roberta F. Rogers, a feme sole, by reason of some question having been raised about the validity of the transactions here involved which her mother had with the other named parties, filed suit, individually and as executrix of the estate of Lou Ella Rogers, seeking to have the city ordinance here involved and the city deed resulting from the city ordinance declared valid. As one of the party defendants to the said suit, appellee named the City of Memphis which answered admitting appellee's allegations to be true, urging that such alleged actions had been taken for the best interests of the public, asserting that the city council had determined and found that the portion of 4th Street in question had been vacated and abandoned and was not necessary or being used to accommodate traffic and that such portion had never been accepted or used by the public for vehicular traffic but had only been used as a parking space for trucks, equipment and cars and that the remaining portion of 4th Street was 40 feet wide and had a sufficient width to accommodate all traffic on and over said street, for which reasons the portion of 4th Street here in controversy was ordered closed and vacated as a public street by the city council before such portion was conveyed in exchange for the other strip of land 21 feet wide needed as right-of-way in re-routing U. S. Highway 287 through the city, consequently the city asked that the relief sought by appellee in the trial court be granted. Appellee likewise named as party defendants Gulf Oil Corporation and W. W. Martin, its sub-tenant in business, both of which defendants filed separate answers to the suit denying appellee's allegations and demanding strict proof thereof. These defendants appeared in the trial court but did not perfect an appeal and are not therefore before this court. Appellee likewise named as party defendants Jim Roark and husband, Robert E. Roark, who

answered with a general denial and sought to have appellee denied any recovery and to have judgment rendered declaring the city ordinance in question and the city deed executed by reason of the said ordinance declared invalid.

On February 3, 1958, the case was tried to the court without a jury with all of the named parties appearing for trial through their respective attorneys, as a result of which trial judgment was rendered on February 10, 1958, upholding and declaring valid the city ordinance in question and the deed executed by the city as a result of the said ordinance. Thereafter on February 15, 1958, Jim Roark and husband, Robert E. Roark, gave notice of appeal and perfected their appeal complaining here that the trial court erred in declaring the said city ordinance and city deed valid and further erred in admitting in evidence a certified copy of an invalid city ordinance vacating and abandoning a portion of a city street known as 4th Street and further charging error because judgment was rendered without any justifiable controversy having been shown to exist.

The record reveals that for the benefit of the general public and particularly for the benefit of the citizens of Memphis, Texas, U. S. Highway 287 was being re-routed through the said city in order to avoid traffic congestion and a traffic hazard along the old routed highway; that the city of Memphis operated under the general laws of Texas and its city council found that it would be for the best interests of the citizens of Memphis, Texas, if a strip of land 40 feet wide, the same being a portion of 4th Street, be vacated and abandoned, leaving 4th Street 40 feet wide and of a sufficient width to safely and satisfactorily care for the traffic using it. The record further reveals that the city council found it would be for the best interests of the public to re-route U. S. Highway 287 through the city for which reason it would be for the best interests of the public to transfer and exchange that portion of 4th Street which had been vacated, abandoned and

not used for vehicular traffic any way, for another strip of land 21 feet wide needed for right-of-way purposes in re-routing U. S. Highway 287 through the city. It will be noted also that the record further reveals that the only property abutting that part of 4th Street that was being vacated and abandoned was owned by Lou Ella Rogers and no showing was made that appellants herein owned any land abutting that portion of 4th Street that was abandoned.

By reason of the existing conditions, the city council proceeded under the provisions of Article 1017, Vernon's Ann.Civ. St., to take the necessary actions required to obtain the desired results. The said Article recites in part that:

"The governing body of any incorporated city or town in this State, however incorporated, may sell and convey any land or interest in land owned, held or claimed as public square, park or site for city hall or other municipal building, *and abandond parts of streets and alleys,* (emphasis added) together with all improvements on any such property owned by any such city or town. The proceeds of any such sale shall be used only for the acquisition and improvement of property for the same uses as that so sold * * * Such sales shall be made by an ordinance passed by such governing bodies which shall direct the execution of conveyance by the mayor or city manager of any such city or town."

The city complied with the foregoing provisions of the Statute when it exchanged the land in question for other land to be used for a highway and when it passed an ordinance to make the sale of the land in question. The city of Memphis, Texas, as shown by the record, being a town of not more than 5000 population, it likewise followed the provisions of Article 1016 which says in part:

"Any incorporated city or town containing not more than five thousand

population in this State shall have the exclusive control and power over the streets, alleys, and public grounds and highways of the city, and to abate and remove encroachments or obstructions thereon; to open, alter, widen, extend, establish, regulate, grade, clean and otherwise improve said streets; * * "

The actions of the city council are also supported by the provisions of Articles 1085b and 1086 which in part say:

"Incorporated cities and towns in the State of Texas shall have the power and authority to grant the use of a portion of the streets and sidewalks of such cities and towns for private purposes, for such consideration and upon such terms as they may prescribe; provided such use shall not interfere with the public use of such streets and sidewalks, or create any hazardous or dangerous condition thereon.

"Towns, cities and villages, incorporated under either general or special law, which shall accept the benefits of this chapter as herein provided, shall have power to improve any highway within their limits, by filling, grading, raising, paving or repaving the same in a permanent manner, or by the construction or reconstruction of sidewalks, curbs and gutters, or by widening, narrowing or straightening the same, * * * "

■ In the case of Burrow v. Davis, Tex. Civ.App., 226 S.W.2d 199, this court held that an exchange of land, such as was here made, within the bounds of the city of Canyon, Texas, a town of not more than 5,000 population, met the requirements of the Statutes as they have been construed by the courts and that such proceedings were therefore valid.

■ Appellant likewise contends that the city ordinance vacating and abandoning a portion of 4th Street was invalid and should not have been admitted in evidence because the same had not been signed by the city mayor as required by the provisions of Article 997, which provisions do require the city mayor to sign such ordinances when passed, but the said Article further provides that if the mayor shall neglect or fail to sign such ordinance within a period of three days, such ordinance shall be effective anyway. The record reveals here that the ordinance in question was passed by the city council and filed with the city secretary without the mayor's signature, however, such became effective and was valid under the law without the mayor's signature after a period of three days. Hence, appellant's complaints here made are overruled.

■ Concerning appellants' final point of error charging that no justifiable controversy was shown to exist, the record discloses that on May 13, 1957, appellants, through their attorney, wrote a letter to Mrs. Lou Ella Rogers, and sent a copy of the same to Continental Oil Company, advising Mrs. Rogers in effect therein that the city ordinance attempting to close that portion of 4th Street in question was not valid and that the deed attempting to convey the same to her was voidable; that she did not have a right to lease the said land for the purpose of having improvements placed thereon and in case such was sought to be done they would seek to block it even by litigation if necessary. Appellants appeared and contested the suit in the trial court seeking to have the said ordinance and deed in question declared invalid. They appealed from an adverse judgment and are seeking here to overturn the trial court's judgment. For these reasons it is our opinion that a justifiable controversy has been shown to exist and appellants' contentions to the contrary are overruled.

For the reasons stated appellants' points are all overruled and the judgment of the trial court is affirmed.