George FARGASON et al., Appellants,

v.

ECONOMY FURNITURE, INC., Appellee.

No. 10949.

Court of Civil Appeals of Texas.

Austin.

March 28, 1962.

Rehearing Denied April 18, 1962.

Byrd, Davis & Eisenberg, Marion S. Roberts, Jr., Austin, for appellants.

Fagan Dickson; Cofer & Cofer, Douglass D. Hearne, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a take nothing judgment rendered in a suit filed by appellants against the appellee for damages and for injunction.

The plaintiffs alleged that they owned and occupied as residences certain tracts of land in the vicinity of defendant's furniture manufacturing plant and that the incinerator at the plant in disposing of the cuttings from the wood working mill by burning of the waste cast smoke, sawdust and fumes which would settle to the ground and follow the contour of the land and blow on plaintiffs' property when the wind is in the right direction (South, South Southeast, Southeast, or East Southeast) ; that because of sawdust, fumes and smoke blowing in the windows, it is impossible for one to sleep and unbearable when one works in the yard, caused more sweeping and cleaning than usual in the house, made necessary the closing of the windows and doors and laundry had to be brought into the house to avoid the soot and smoke; evaporative coolers are rendered ineffective and that ashes collected on utensils.

The plant is alleged to operate the incinerator continuously from 8:00 A. M. to 9:00 P. M. and continuously during operation to emit noxious, unwholesome, nauseating and offensive smoke onto the property of the plaintiffs, the use made by the defendant being alleged to be unreasonable.

The plaintiffs alleged as damages burning eyes, burning noses, throat tickling and burning, violent and painful coughing, difficulty in breathing, and great discomfort and pain. Damages were claimed in the sum of $5,000.00 each, and probable increase in damages of $250.00 a month.

On trial to a jury submitted on special issues the jury found that smoke, sawdust and fumes were blown onto the property of plaintiffs and that such constituted a nuisance to plaintiffs; that the incinerator could not be operated without creating a nuisance to plaintiffs. The jury further found that the operation of the incinerator caused injury or damage, or harm and inconvenience to the plaintiffs. In answer to special issue No. 8 the jury found that such injury or damage, or harm and inconvenience was not intentional on the part of the defendant.

In answer to issues inquiring as to the amount of damages, if any, that would fairly compensate the plaintiffs (submitted by separate issues) for the injury or damage, or harm and inconvenience, if any, the answer was none to each of the issues.

Based on the answers of the jury that the plaintiffs were not entitled to any amount of money, the Court entered a take nothing judgment.

The appeal is based on twenty four points of error and are that the plaintiffs and each of them suffered some damages as a mat-

ter of law; that the answer of the jury to special issue No. 9 is against the great weight and preponderance of the evidence; that there is a conflict between the answers to special issue No. 7 and the answer to issue Nos. 9 and/or 10, and/or 11; that the Court erred in failing to grant an injunction restraining the defendant from operating the incinerator in whole or in any of the several conditional manners, such as when it produces smoke, or sawdust, or when the wind is from certain directions.

The evidence is in conflict but there was no evidence of any actual measurable damage suffered by any of the appellants. There was no claim for damages to land.

Elroy Moore, one of the appellants, testified that he lived about 500 yards northeast of the incinerator and that the smoke, sawdust and fumes are unbearable that come from the incinerator and that sawdust collected on his premises and that it was impossible to sleep; that tests were made of falling sawdust by a Dr. Gloyna.

Mrs. Leta E. Fargason, an appellant, testified that she lived about one fourth of a mile from the plant in question and as to her residence and that sawdust and smoke goes over her house and gets in the house at times; that she is required to do more sweeping to get rid of the sawdust as well as washing the curtains, laundry and other house work; that the odor of smoke was present. The other appellants gave testimony concerning smoke and sawdust coming from the incinerator comparable to that of Mr. Moore and Mrs. Fargason and we do not give a résumé of such.

The appellee called a number of witnesses, one of whom testified as to certain pictures of the plant and premises and we will not attempt to review all of such testimony but will restate in part the testimony of J. G. Albrecht, who lives near the plaintiffs Kingsbury, Fargason and Moore, who stated that he had not heard his wife complain of his house being full of sawdust and soot; that sometimes there is a slight attack of smoke, but such did not bother them. Mr. Bagley, an Agricultural and Mechanical College graduate and a retired army officer who owned two houses in the neighborhood, testified that he had not been annoyed by smoke, dust or sawdust from the incinerator and seldom smelled the smoke; that he burned his own trash and garbage and that he had no complaint as damage to his household goods because of smoke or dust.

Mr. Kern, plant superintendent, testified that the only persons complaining were Mr. and Mrs. Jirasek, plaintiffs in a former suit, and he further testified that the plant and premises were kept clean and that the incinerator functioned properly.

Special issue Nos. 9, 10 and 11 submitted the questions of the award of damages, if any, to the jury with the answers being none. No objection was made by plaintiffs to the charge.

We believe that the jury's answers are reasonably supported by the evidence. Benoit v. Wilson, 150 Tex. 273, 239 S.W. 2d 792. The true measure of damages is compensation for injury or loss suffered. 31 Tex.Jur., Sec. 47, p. 464.

The cases such as Daniel v. Ft. Worth & R. G. Ry. Co., 96 Tex. 327, 72 S.W. 578, are authority for the recovery for discomfort as well as depreciation in the value of land, but they do not hold that a jury must allow damages for discomfort.

The Court recognized in submitting the damage issue, by using the words "What amount of money, if any * * *", that the jury was permitted to find no damage and no objection was made thereto.

"In an action for damages in which the law furnishes no precise legal measure for their recovery, and they are unliquidated, the amount to be awarded rests primarily within the discretion of the jury, * * *" 17 Tex.Jur.2d Sec. 335, p. 408.

A jury is not required to speculate as to damages from examples of inconvenience and it is improper for it to do so. Hindman v. Texas Lime Company, 157 Tex. 592, 305 S.W.2d 947.

We do not believe the Court abused its discretion in refusing an injunction. King v. Miller, Tex.Civ.App., 280 S.W.2d 331, error ref., N. R. E.

The appellants in cross examination of Professor Thompson, Director of the Balcones Research Center, who had testified concerning the operation of the plant, stated that they were not trying to close the plant down or trying to cease the operations of that plant.

The abatement of a lawful business is a harsh remedy and there should be a balancing of equities by the Trial Court in order to determine if an injunction should be granted even though the jury found it to be a nuisance.

Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615; Lamb v. Kinslow, Tex.Civ.App., 256 S.W.2d 903, error ref., N. R. E.

The judgment of the Trial Court is affirmed.

Affirmed.