Loran W. HILL et al., Appellants,

v.

Melecio VILLARREAL, Jr., et al., Appellees.

No. 14276.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 7, 1964.

Rehearing Denied Nov. 4, 1964.

Sam S. Wolf, Dibrell, Gardner & Dotson and Carlos C. Cadena, San Antonio, for appellants.

Wolff & Wolff, San Antonio, for appellees.

BARROW, Justice.

Appellants, the City of San Antonio and six home owners, brought suit on March 28, 1957, to perpetually enjoin Melecio Villarreal, Jr., and V. and L. By-Products Co., Inc., a corporation wholly owned by Villarreal, from operating a rendering plant in the southwest part of the City of San Antonio. The injunction was sought because of the location of the plant and not for its manner of operation. Appellants stipulated that they did not assert a claim for damages.

This is the second appeal of this case. In March, 1962, the trial court sustained exceptions to appellants' petition, primarily upon their failure to allege negligence, and upon appellants' refusal to amend the petition was dismissed. The Waco Court of Civil Appeals reversed this dismissal and remanded the case for trial. Hill v. Villarreal, 362 S.W.2d 348.

Trial was then had before a jury and findings were made which established a public and private nuisance,[1] however, the trial court refused to enjoin appellees upon.

I. Verdict of Jury:
1. Operation of the rendering plant causes foul odors and scents to be given off into the air surrounding the area where such plant is located.
2. Such odors or scents are offensive and obnoxious to people of ordinary sensibilities, residing or working in the area surrounding the plant and within one-half mile thereof.
3. Such odors and scents destroy the enjoyment and comfort of people with ordinary sensibilities, in the use of their residences, situated in the area surrounding the plant and within one-half mile thereof.
4. Such odors and scents reduce the efficiency of people with ordinary sensibilities, working in the area surrounding the plant and within one-half mile thereof.
5. Operation of the rendering plant causes the accumulation of carcasses, offal and refuse in open containers in and about the premises of the plant.
6. Such open containers did not become a breeding place for flies, maggots and vermin.

7. Conditionally submitted and not answered.
8. The odors and scents complained of in the area surrounding the plant and within one-half mile thereof come solely from the plant in question.
9. The flies, maggots and vermin complained of in the area surrounding the plant and within a one-mile radius thereof come solely from the plant.
10. A person of ordinary prudence, in the exercise of ordinary care, in the same or similar circumstances, would have constructed the rendering plant on the site in question in the City of San Antonio.
11. A person of ordinary prudence, in the exercise of ordinary care, in the same or similar circumstances, would operate a rendering plant on the site in question.
12. Conditionally submitted and not answered.
13. Conditionally submitted and not answered.
14. Conditionally submitted and not answered.

the theory of a balancing of equities. Appellants, having sought no damages, were denied any relief.

■ Appellees' rendering plant was lawfully constructed in 1957, in a zone of the City permitting this use. This zone is the lowest zone of the City and at the time the plant was constructed, two tanneries, a motor freight depot, and a furniture upholstering plant were located nearby. Although the area had been zoned Second Class Manufacturing since 1938, several residential subdivisions were constructed in the zoned area or adjoining same, and, at the time construction of the rendering plant was started, many homes, including those of appellants, were in the immediate vicinity of the rendering plant. Seventeen witnesses testified to the offensive and nauseating odors, as well as the unsightly conditions created solely by the plant, which permeated the neighboring homes. In addition, it was stipulated that over 200 other witnesses would testify to the same facts. This evidence fully supports the findings of a public and private nuisance. Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615 (1950); City of Temple v. Mitchell, Tex.Civ.App., 180 S.W.2d 959, no writ hist.; King v. Columbian Carbon Co., 5th Cir., 152 F.2d 636.

In Storey v. Central Hide & Rendering Co., supra, petitioners sought to enjoin the operation of a rendering plant upon evidence, strikingly similar to that in this case, which was held to establish a nuisance as a matter of law. The question presented was whether the nuisance should be abated or petitioner relegated to suits for damages for the injuries suffered by virtue of respondent's operation of the rendering plant. The Supreme Court, after a full discussion of the law applicable to nuisances and their abatement, held that an abatement of a lawful place of business is a harsh remedy, and that there should have been a balancing of equities in order to determine if an injunction should be granted.

■ The balancing of equities is one to be determined by the chancellor in accordance with established equitable rules and principles. Texas Lime Co. v. Hindman, 300 S.W.2d 112, aff. 157 Tex. 592, 305 S.W. 2d 947 (1957); Fargason v. Economy Furniture, Inc., Tex.Civ.App., 356 S.W.2d 212, writ ref. n. r. e.; Lamb v. Kinslow, Tex.Civ.App., 256 S.W.2d 903, writ ref. n. r. e.; Georg v. Animal Defense League, Tex.Civ.App., 231 S.W.2d 807, writ ref. n. r. e.; Oliver v. Forney Cotton Oil & Ginning Co., Tex.Civ.App., 226 S.W. 1094, no writ hist.

The issue presented in this case is thus one involving the conflicting rights of the parties in the respective uses of their properties. In resolving this issue favorably to appellees after balancing the equities, the trial court found: appellees are engaged in an essential and necessary business which promotes the general welfare and good health of the citizens of San Antonio; a rendering plant helps to conserve what would otherwise be wasted and helps to afford an efficient and economical means of disposing of dead animals, scraps and offal; the operation of the rendering plant is not a nuisance per se; appellees' plant is of permanent structure erected on land costing $17,000 at a construction cost of $36,000 with equipment costing $30,000, and that it would cost many thousands of dollars to move the plant; appellees bought the land, contracted the construction of the building and ordered the equipment with a total expenditure of about $29,000, before any objection to the plant was made; the plant is in a zone permitting this use and there is not another location that could be selected, within a reasonable range of the City, with the necessary utilities and zoning, which would not be subject to similar objections; similar type industries were already located in this area; the building and equipment were designed and installed by competent persons, and the rendering plant is being operated in the usual and customary manner. The trial court concluded that the loss or inconvenience to the

individual appellants and the City is not comparable or commensurate with the loss to the appellees and the danger and inconvenience to the public resulting from the granting of the injunction.

■ . Appellants urge that the trial court improperly made these findings, since this was a jury trial. It is seen, however, that these findings are based either on the undisputed evidence or on the conclusions the trial court, as chancellor, drew from the evidence. The evidence was undisputed as to the amount of money expended in putting appellees' plant in operation and the dates that each was incurred. There was no evidence of another site in the City which would meet the utility and zoning requirements of a rendering plant that would not have similar objections. There was evidence that the area surrounding Lake Mitchell, where the City sewage is carried, had necessary utilities, but the trial court apparently concluded that this area, which is outside the City, is not within reasonable range of the City. The trial court apparently concluded that the tanneries were the same type of industry as the rendering plant. It was undisputed that a rendering plant performs a service for the general public and this was the only commercial rendering plant in the City. There was one outside the City limits operating without sewage facilities.

■ Appellants further urge that the trial court failed to consider the findings of the jury in balancing the equities, and that the finding of the trial court that the equities are in favor of appellees is contrary to the evidence, particularly since appellees were placed on notice that they would create a nuisance before any substantial work had been done in the construction of the plant.

The judgment provides in part:

"And the court without considering the findings of the Jury herein but instead considering the entire record in this cause including the stipulations appearing of record herein and all evidence concerning whether or not the court should balance the equities herein between * * * plaintiffs * * * and defendants * * * makes the following findings: (those heretofore set out)."

Appellants assert that this recitation demonstrates that the trial court ignored the findings of the jury relating to the odors, scents and flies which came solely from appellees' plant and substantially interfered with appellants' use of their property. The record does not support this construction.

Appellees did not file a motion for judgment non obstante veredicto. They did file a motion for judgment in which they asserted, contrary to the holding of the Waco Court of Civil Appeals on the first appeal, that a negligence finding was necessary to support appellants' cause of action. In view of the answers of the jury to Issues Nos. 10 and 11, appellees urged that they were entitled to judgment. In the alternative, they urged that a balancing of the equities required a refusal of the injunction. The trial court refused to grant appellees' motion for judgment on the verdict and the recitation was to show that judgment was granted denying the injunction after a balancing of the equities under the entire record.

■ We have examined the entire record and cannot say that the trial court abused its discretion in denying the injunction after balancing the equities under all the evidence in this case. Storey v. Central Hide and Rendering Co., supra.

■ Appellant City urges that the rule of balancing of equities is not available against it as the court would thereby be interfering with its police power to abate a public nuisance. We disagree. It is settled law that although a home rule city is given statutory power to define and declare a nuisance, the determination of whether or not something which is not a nuisance at common law or per se is in

fact so, is a justiciable question for a court of competent jurisdiction. Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810 (1923).

 We see no valid reason why a city seeking to invoke the equitable powers of the court through the harsh remedy of injunction should not be governed by the same rules as any other litigant. The rule of balancing of equities has been applied in suits to abate a nuisance maintained by a city. Hogue v. City of Bowie, Tex.Civ. App., 209 S.W.2d 807, writ ref n. r. e.; Mitchell v. City of Temple, Tex.Civ.App., 152 S.W.2d 1116, writ ref.; Boyd v. City of San Angelo, Tex.Civ.App., 290 S.W. 833, writ ref. See also: McKee v. City of Mt. Pleasant, Tex.Civ.App., 328 S.W.2d 224, no writ hist.; Lower Nueces River Water Supply District v. Live Oak Co., Tex.Civ.App., 312 S.W.2d 696, writ ref. n. r. e.; Gillespie County v. Fredericksburg Land Co., Tex.Civ.App., 168 S.W. 9, no writ hist.

The trial court therefore properly considered the equities of all parties in determining whether to grant the injunction.

The judgment is affirmed.